# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
February 22, 2013

Lyle W. Cayce
Clerk

No. 12-10565
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

LIANDIO JOSE RIOS, III, also known as Leon Rios,

Defendant-Appellant

Appeals from the United States District Court
for the Northern District of Texas
USDC No. 5:99-CR-11-1

Before WIENER, ELROD, and GRAVES, Circuit Judges.

PER CURIAM:[*]

Liandio Jose Rios, III, appeals the district court's revocation of his supervised release. The district court revoked Rios's supervised release because he (1) traveled outside of the judicial district without permission, (2) associated with a convicted felon, (3) failed to allow his probation officer to conduct an employment visit, and (4) failed to notify his probation officer that Rios had been questioned by police. He argues only that the evidence was insufficient to prove

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

that he violated the conditions of his supervised release by not allowing his probation officer to conduct an employment visit; Rios does not challenge on appeal the district court's revocation based on the additional violations. Rios appears to argue that if the evidence was insufficient, then the district court's reasons for the revocation were likewise insufficient.

Because Rios has failed to identify any error in the district court's analysis in connection with the revocation on the remaining three violations, it is the same as if he had not appealed these issues. *Brinkmann v. Dallas County Deputy Sheriff Abner*, 813 F.2d 744, 748 (5th Cir. 1987). Each of the additional violations provides an adequate ground for revocation, and Rios has failed to address them on appeal; thus, Rios has not established that the court committed error, plain or otherwise, in revoking his supervised release. *See Puckett v. United States*, 556 U.S. 129, 135 (2009).

Accordingly, the district court's judgment is AFFIRMED.